at all, Reinecker v. UPS, Inc. Mr. Carroll, you deserve three minutes for your rebuttal and you can begin whenever you like to go. Yes, thank you and good morning, Your Honors. Your Honors, this is an appeal arising from a Chapter 11 case, a preference action that was commenced against UPS. UPS's defense is that the contract with UPS, the carrier agreement, was assumed by the debtors and assigned to the purchasers. There is no evidence in the record that the agreement was assumed. In fact, it is UPS's burden on their summary judgment motion to come forward with that evidence. They did not present any evidence that proves that. And, in fact, this is not a question of them not producing admissible evidence. It's not a question of that their evidence did not sufficiently demonstrate assumption. They didn't present any evidence. They relied entirely on the bankruptcy court's order. And their argument is that the bankruptcy court order which authorizes the assumption They also rely on the plan and the procedures pursuant to the plan and then came the bankruptcy order. Should we consider all those things together? Yes, Your Honor. But the key here is that the confirmation order specifically says that the confirmation or controls to the extent of any inconsistencies. And the arguments that they make with respect to the asset purchase agreement and the plan are inconsistent with the order. The order specifically states Well, actually, the bankruptcy court, the judge who signed the order, says that it was not intended to be inconsistent. The order was intended to adopt in its entirety the language of the plan and the procedures. Why shouldn't we defer to that? Yes, Your Honor. In a typical case, this court would do that. However, case law makes clear, and we cite this in our reply brief, that where an order is not an order drafted by the court. You're not supposed to cite that in your reply brief. They didn't have a chance to respond to that. Why isn't that waived? You didn't raise that in your opening brief. It wasn't raised below, Your Honor, by UPS. That's why we didn't raise it in our original brief. What do you mean it was not raised below? They did not argue previously. Whether to defer to the court's ruling or not. Yes, and they did not argue in the district court or previously that this court should defer to the interpretation by the bankruptcy court. That's why we did not raise it until after they did. Okay. So there are four things in the confirmation order that are required that indicate and make clear that assumption requires something more than simply the court's order. The first is that the confirmation order requires a cure payment to be paid. There is no question that payment was never paid. There is no evidence that it was paid. There was a declaration submitted by UPS which doesn't say it was paid. The second thing is that the payment is required to be paid in the future. There is, again, no evidence that it was paid. The third is that the plan confirmation order requires not only the entry of the order, and in this I'm referring to A196 paragraph 47, but it also requires assumption and assignment of the assigned contracts. The language specifically says that upon entry of this order and assumption and assignment of the assigned contracts, the purchaser shall be deemed, et cetera, et cetera, compliance with the assigned contracts. The last, Your Honor, is in a provision that the district court read out which requires the parties to execute and deliver assignment documents. The district court said that didn't apply because it only was required to, excuse me, the parties were only required to present assumption and assignment documents to the extent they exist. That provision, the words if they exist, are never found in the plan, the confirmation order, or the asset purchase agreement. The confirmation order clearly requires those documents to be signed and to be presented, but UPS did not present any of those or anything else as evidence that the plan, excuse me, that the agreement was assumed or that the QR payment was made. In the order, first of all, it says that the confirmation expressly adopted the plan in its entirety, right? It also, my question to you is why would the confirmation have said it expressly authorized the debtors in accordance with Section 365 of the code to assume and assign to the purchase of the assigned contracts if, as you're contending, there was this unsatisfied condition to cure under 365. Doesn't that seem? No, Your Honor. What the bankruptcy court was doing and what the confirmation order does is authorize. It doesn't direct the debtor to assume. It doesn't require the debtor to assume. If UPS's argument were correct, it wouldn't say the bankruptcy court authorizes. It would say the debtor hereby assumes or this order constitutes assumption and assignment. This is just like in a transaction outside of bankruptcy court. A board would authorize the company to enter into a transaction and then the company would actually close, consummate the transaction, and there are documents that evidence the transaction actually was consummated. You're saying the bankruptcy court could have authorized the assumption assignment even if there was additional actions that needed to be taken to satisfy 365B1A? Yes. In fact, that is what happens in every case. The bankruptcy court's order simply approves the transaction. In this case, the assumption and assignment does not require the assumption and assignment. Assumption and assignment only happens later. If, for example, the bankruptcy court approved the transaction, the assumption and assignment, the APA, but the next day something happened and the purchaser refused to close, there would not be assumption and assignment. And in fact, that actually happens quite often, unfortunately, in bankruptcy cases. It's not what happens here. The point, however, is that assumption and assignment itself is a separate act that must occur after the bankruptcy court authorizes the assumption. Would it be a plan with all the provisions in it and the bankruptcy court without any discussion changes the conditions of the plan? I wouldn't say that it is typical that that happens, but it's not at all unusual where the terms of the order change. And in fact, I'm working on a different case right now where that's happened about five different times. On something like this? I'm sorry, I didn't hear you. On something like this? I mean, maybe on something else, but on something like this? Absolutely. In fact, this exact issue is happening in a case I'm working on right now. The parties have negotiated three different agreements. They are being presented or have been presented to the bankruptcy court, but there are disputes about five or six different issues. The bankruptcy court said, I'm authorizing all of this transaction, but I'm going to let you all work out the details. There were no disputes in this situation, right? There was nothing raised with the bankruptcy court where the bankruptcy court could have. There were not, but this order was the result of many different negotiations back and forth between the debtor, the creditors committee, the lender, the purchaser, and at least one significant unsecured creditor. All right. Thank you. Thank you. Ms. McGrath. Good morning. May it please the court, Aileen McGrath on behalf of UPS. Section 365 of the bankruptcy code allows debtors to assume defaulted contracts based on adequate assurance that those defaults will be paid after planned confirmation, and that is exactly what the debtors and the purchaser in this case did when they agreed that the debtors would assume and assign certain executory contracts, including the carrier agreement, and the purchaser would pay the cure costs. At confirmation, the parties identified the carrier agreement on the schedule of assumed contracts. They presented the asset purchase agreement to the court, which made clear that the purchaser would pay those cure costs, and the court entered a confirmation order approving the assumption and assignment of those contracts. The result was, to use the bankruptcy court's own words, an order that said this contract, the carrier agreement, is assumed, not this contract, if paid, is assumed. And I think that gets back to where I want to start is with one of Judge Bianco's questions about what do we do with what the bankruptcy judge himself said here. I think that the confirmation order and the plan documents that I've heard my friend on the other side concede all matter in this appeal, that the words on those pages answer the question of whether the bankruptcy court contemplated that there would be some further undefined assumption and assignment procedure where the debtors would determine then what contracts they wish to assume and payment would be made at some different time. But here I think the answer is easy because the bankruptcy court has rejected the idea that that's what he did, that he did anything different at plain confirmation. And again, to some of the questions that Judge Bianco asked, I want to underline that the litigation administrator's position is that at plain confirmation, the bankruptcy judge introduced an entirely new concept that came up in none of the earlier plan documents, asset purchase agreement that was in fact inconsistent with the bankruptcy court's own prior orders and actually took an option for cure that the bankruptcy code typically provides entirely off the table for the parties. And then when later confronted with the argument that a reading of the confirmation order directed that actual payment of cure was required, the bankruptcy court said emphatically and unambiguously, that is not what I did. I think it's hard to imagine a circumstance where taking the bankruptcy court's own views into account could matter more. And so here I think that that, again, as I said, I will return to the text of the various documents because I think that text does resolve the question. But here the bankruptcy court's own views, I think, are unquestionably important. The issue of whether or not we should give deference to that, there's a lot of case law, obviously, that says we should do that. But they did cite in that reply brief one of our decisions, the Harvis-Train decision, where we did say in that case that if the bankruptcy court didn't draft it, that it should be de novo. What's your response to that? My response to that is that that case was about a stipulation between the parties that had nothing to do with, was not remotely similar to a planned confirmation order. I would pause to note that the litigation administrator never raised this argument, even though it was a basis of the district court's decision, which was presented and passed upon below. So I think any question of whether the litigation administrator was obligated to raise any contrary argument in its opening brief is clear just from looking at the district court's own order. But even assuming that it's properly presented, the Blackwood Associates Harvis-Train case, I believe, is the one that the litigation administrator points to. Concerns a stipulation negotiated between the parties that does not reflect the bankruptcy court's own impressions. In the same way that the confirmation order does, the confirmation order, I think, is a paradigmatic example of a document where even though it's drafted by the debtors and presented to the court, similar to the way that proposed orders are routinely presented to district court judges by the parties, that document reflects the bankruptcy court's own independent judgment and his determinations about what the plan says and what his confirmation order intends to do. And so I think I would just return to the point I made earlier that here, where the question is what the bankruptcy court intended to do and whether he intended to introduce sua sponte, a concept that had previously gone entirely unspoken over the course of the bankruptcy proceedings, is a question where the bankruptcy court's views matter. Just as if the bankruptcy court had said the opposite, if he had said, yes, I did intend to require actual payment of cure, I think my argument here today would be much harder. And so when he rejected that argument emphatically, I do think that the court should take that into account. But I do want to say that even putting entirely to the side what the bankruptcy judge himself said, there is nothing in the confirmation order, and certainly nothing in the plan or any of the preceding documents that contemplates that the bankruptcy. In the confirmation order, there is this line that says, the requirements of section 365B1 hereby deem satisfied upon the purchase of satisfaction of the cure cost in connection with the assigned contract. That's the only thing that supports their position. That is the only. I agree. It does say that. It does say that. And I think I would take the same position as the district court and the bankruptcy court himself as well did, which is that if you take that language in isolation, looking at it, it is maybe imperfectly drafted. The bankruptcy court said maybe it was sloppily drafted. I think my answer, I think I have several answers I would start with. Even if you look at that sentence, you have to read it at a minimum in context of the paragraph as a whole. The point of that paragraph is to say that the reason that the requirements of section 365B1A's cure requirements are satisfied is by virtue of the purchaser's obligation to pay. Each and every one of the sentences in that paragraph underlines the fact that the purchaser had agreed to pay the cure costs for UPS and other parties with defaulted assumed executory contracts would give those parties all the protection that they needed for purposes of the cure requirement to be satisfied. The bankruptcy court in this paragraph was not contemplating, and none of the language suggests, that he was introducing a requirement that that cure payment be made prior to assumption of the contracts. And in fact, that's inconsistent not only with the plan. The plan, as Judge Bianco alluded to in questioning my friend, doesn't contain anything requiring actual payment of cure. It in fact requires, and this is in Article 7.1, only that court approval, placement on the assumption notice, and the effective date are the preconditions for assumption to occur. But throughout these proceedings, the bankruptcy court, too, as well as the parties, always envisioned that adequate assurance and not actual cure was an option available to the parties to satisfy section 365's cure requirements. Here I would point the court to, and it's on page 692 of the appendix, the bankruptcy court's orders creating assumption and assignment procedures explicitly contemplated that there would be contracts assumed where those cure costs were not even known, let alone paid. The assumption and assignments order reflected the court's expectation that there would be contracts where the parties continued to dispute the amount of cure payments necessary. Because of the nature of the transactions, a series of transactions ongoing, so like a running balance or something like that? I think it had more to do with the fact, I don't believe there was uncertainty about whether there was an accumulation. I think it reflected the fact that the parties, the debtors and the non-debtor contracting parties, were ordered to conduct a meet and confer process to agree about what the cure costs would actually be. And this is reflected in the record. You know, the debtors took the position that $0 was an appropriate cure amount. UPS initially took the position that the amount was more like $300,000. But then the parties negotiated, as counterparties to contracts often do, about what, in both of their respective business judgments, the debtors really needed to pay in order to make it worth UPS's continuance of the contract. And I think that gets back to the purpose of these cure costs, which is to protect the interest of a party that's effectively being required to continue to perform a contract with a party that's defaulted, and so is entitled to protection and to receive costs that it's lost, like to not be hung out to dry on the basis of that assumption. But at the same time, UPS could decide, and it did decide, as the record reflects, that over the course of time maybe $300,000 was not the right dollar amount. And so what the court's order reflected was that those negotiations might be ongoing and might still be ongoing at the time that the confirmation order was presented to the court. All right. Thank you. Thank you. Mr. Cowley, you have three minutes in rebuttal. Thank you, Your Honors. If I may pick up with the last comment my colleague mentioned, that there was a meet and confer and there were negotiations on the cure amount. First of all, there's no evidence in the record that there were negotiations or that a meet and confer was directed. But more importantly, if negotiations were ongoing, as we were just told, after the confirmation order was entered, it's impossible that the confirmation order could constitute assumption. In fact... Why not? If it had adequate assurances that notwithstanding the disagreement that a sum would be met and the debtors be able to pay. What happens if there was never an agreement? Then UPS would say, well, you didn't pay us anything. So how could you assume our contract? Obviously, the debtors couldn't force UPS to accept assumption and assignment if there was no payment. But again, there's no... Let me ask you this. If we follow the rule that we defer to a court's interpretation of their own order, you lose this case because the confirmation plan does not have anything about the cure costs, how to take place. There is this one line in the confirmation order that supports your position in the district court and the bankruptcy court both acknowledge that. So in that situation, we defer to the judge who signed the order. So if that's the rule, you lose, right? Yes, except there are three reasons you should not do that. The first is the prior Second Circuit decisions would say that. I know, but that was a stipulation, and when I read that decision, I was kind of surprised having been a district court judge for 13 years. As Ms. McGrath pointed out, parties prepare orders all the time. That doesn't mean that I didn't read it and make decisions of whether or not I agreed with it or not. You yourself told me when you got up in court that confirmation orders all the time. Bankruptcy judges change them, and they do things, you know, so responsible. Actually, what I said was not that the bankruptcy judges change them, but that the parties change them before they are submitted, and that's a significant difference. I thought you told me when I said, isn't it unusual for a bankruptcy judge on his or her own to change something, modify an agreement within the plan? I thought you said, yeah, that happens. No, what I said is that the parties do that all the time before it gets submitted to the bankruptcy court. Obviously, a stipulation between the parties in some lawsuit is different than a confirmation order, which has a lot of substance in it. It's not really, because what happens is the parties negotiate the very specific language of this order. But you're arguing to me that notwithstanding that bankruptcy judges inevitably go along with what the parties negotiated, they hear that the bankruptcy judge intended to alter those conditions. No, what I'm saying is that bankruptcy judges review plan confirmation orders in the same way they do a stipulation. If the parties present a stipulation and the bankruptcy court is not satisfied with that stipulation, bankruptcy courts reject those stipulations all the time. And here, this is not some significant change. All that is required in the confirmation order is payment. Other than in Harvard's case, which is 1998, so it's 25 years ago, have we ever, where there's an issue about interpretation of an order set because the parties were drafting it, that we're not going to defer to what the district judge or the bankruptcy judge says they intended? I have not seen another case. And I should just point out I was also incorrect previously, Your Honor. We did cite the Harvest case in our opening brief. Okay. What's your two other reasons? Yes, so the two other reasons, and I apologize. I've completely forgotten the question. My question is if we defer to the judge, and the bankruptcy judge interprets the order, don't you lose? You said there's three reasons. Well, you shouldn't do that. Thank you, Your Honor. Your Honor, I apologize. So the first, Your Honor, or the second, is that what you would be doing essentially is saying that an appeal from a bankruptcy court order where it is an interpretation issue could never be brought. And that, I think, is what the prior decision relies on because otherwise the bankruptcy judge is always going to interpret it, and the district court and the circuit court will have to rely. I don't think we'd be saying that. We'd be saying if the order is completely inconsistent with the plan and there's no explanation, and the bankruptcy judge says I didn't mean what you're suggesting it meant in the order, that's not in every case. And then the third one is really exactly what you just said. Here the plan confirmation order specifically says it controls over the other documents, and the bankruptcy judge did not say that cure was never required, that payment was never required. UPS's argument is that cure could be down the road in the future. There's still no evidence that cure was ever paid, Your Honor. I see my time is well up. Thank you for your time today. All right. We'll reserve decision. Have a good day. Thank you.